IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Cynthia Bruce, | ) | C/A No.: 3:12-2678-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Ladies Choice Fitness Center | ) | REPORT AND RECOMMENDATION |
| (Columbia) Inc.; Ladies Choice Fitness | ) | |
| Center (Landmark) Inc.; Ladies Choice | ) | |
| Fitness Center (MI) Inc.; and John | ) | |
| Holladay, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

In this employment discrimination case, plaintiff Cynthia Bruce ("Plaintiff") alleges claims under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et. seq. ("ADEA"); Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et. seq. ("Title VII"); the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10, et seq.; and 42 U.S.C. § 1981.

This matter comes before the court on the motion to dismiss or, alternatively, motion for summary judgment filed by defendants Ladies Choice Fitness Center Columbia Inc. ("LCFC Columbia") and John Holladay ("Holladay") pursuant to Fed. R. Civ. P. 12(b)(1). [Entry #25]. Plaintiff filed a response to the motion [Entry #34] and Defendant filed a reply. [Entry #35]. Also pending before the court is a motion to dismiss or, alternatively, motion for summary judgment filed by defendant Ladies Choice Fitness Center Landmark Inc. ("LCFC Landmark"). [Entry #32]. Defendant filed a

response to the motion [Entry #38] and Plaintiff's reply deadline has passed. These motions having been fully briefed, they are ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). Because the motions are dispositive, this report and recommendation is entered for the district judge's consideration. For the reasons that follow, the undersigned recommends the district court deny the motions.

I.      Procedural and Factual Background

In her amended complaint,[1] Plaintiff alleges that defendants LCFC Columbia, LCFC Landmark, and Ladies Choice Fitness Center (MI) Inc. (collectively "Ladies Choice") are interrelated organizations that share completely integrated and interrelated operations. [Entry #41 at ¶ 7]. She alleges that on October 18, 2011, Holladay hired her as a manager for Ladies Choice. *Id.* at ¶ 8. Plaintiff is an African-American female and was 54 years old on the date Holladay hired her. *Id.* She claims that she provided personal instruction to Ladies Choice customers outside of her regular work schedule, but that defendant Holladay and other managers told her that her personal instruction time was not compensable. *Id.* at ¶ 10. She alleges that on March 8, 2012, she discovered that defendants were paying a similarly-situated younger, white female employee for the same

---

[1] Following briefing on the pending motions, Plaintiff filed a motion to amend the complaint. [Entry #39]. The undersigned granted Plaintiff's motion on March 28, 2013, and directed that the amended complaint be docketed. [Entry #40]. Therefore, the undersigned considers the pending motions in light of the amended complaint [Entry #41].

2

personal instruction services. *Id.* at ¶ 11. Plaintiff claims that when she contacted Holladay regarding the payment discrepancy, he told her that he "did not like where the conversation was going" and hung up the phone. *Id.* at ¶ 13. Plaintiff alleges that she was terminated the following day. *Id.* at ¶ 14.

In their motions to dismiss or, alternatively, motions for summary judgment, LCFC Columbia, Holladay, and LCFC Landmark ("Moving Defendants")[2] argue that Plaintiff's Title VII and ADEA claims should be dismissed because Plaintiff was employed by LCFC Columbia and LCFC Columbia is not an employer within the meaning of Title VII or ADEA.[3] Specifically, Moving Defendants assert that LCFC Columbia has never employed the number of employees required for coverage under Title VII and ADEA. [Entry #25-2 at 4; Entry #32-2 at 5]. They further argue that the corporate defendants have not operated as an integrated enterprise for purposes of assessing whether the requisite number of employees is met. [Entry #35 at 3; Entry #32-2 at 5]. LCFC Landmark also argues that it is entitled to summary judgment because it was not Plaintiff's employer. [Entry #32-2 at 6–8]. Moving Defendants argue that the

---

[2] Ladies Choice Fitness Center (MI) Inc. has not yet appeared in the case and Plaintiff has not filed any documentation of service as to this entity.

[3] In their opening brief, defendants LCFC Columbia and Holladay argued that the court lacked subject matter jurisdiction over them because LCFC Columbia had fewer than fifteen employees. [Entry #25-2 at 3]. In their reply brief, they noted that they were withdrawing that basis for their motion. [Entry #35 at 2]. Also in their opening brief, defendants LCFC Columbia and Holladay argued that Plaintiff's Title VII and ADEA claims against Holladay should be dismissed because those statutes do not provide for individual liability. [Entry #25-2 at 5]. Plaintiff stipulated in response that Holladay cannot be held liable in his individual capacity under Title VII or ADEA. [Entry #34 at 3].

court should decline to exercise jurisdiction over the remaining state law claim. [Entry #25-2 at 4].

II.     Discussion

   A.     Standard on Pending Motions

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion." *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001). However, on a motion pursuant to Rule 12(b)(6), if matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment under Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(d). Here, both parties have submitted affidavits and other materials outside of the pleadings for the court's review.[4] Therefore, the court analyzes the pending motions as motions for summary judgment.

---

[4] The undersigned notes that the recommendation would be the same if the court excluded the matters outside of the pleadings and the motions remained a motions to dismiss, as the allegations of the amended complaint are sufficient to withstand a motion to dismiss.

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

    B.    Analysis

        1.    Plaintiff's Title VII and ADEA Claims

Moving Defendants assert that LCFC Columbia is not an employer pursuant to Title VII or ADEA because it did not employ the requisite number of employees. To be defined as an employer under Title VII, a defendant must have fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. 42 U.S.C. § 2000e(b). Under ADEA, an employer must have had twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. 29 U.S.C. § 630(b).

5

In support of their argument that LCFC Columbia is not an employer for purposes of Title VII and ADEA, Moving Defendants attach and rely upon the affidavit of defendant Holladay, president of LCFC Columbia, to establish that the greatest number of employees LCFC Columbia employed at any time was 11. [Entry #25-3 at 1]. In response, Plaintiff argues that the three defendant corporations are an integrated enterprise for purposes of satisfying the definition of an employer under Title VII and ADEA. [Entry #34 at 1–2]. In support, she submits her own affidavit indicating that the corporate defendants had centralized management, held joint staff meetings, issued all paychecks from a single location, and transferred employees between locations. [Entry #34-2 at 1–2]. Plaintiff also avers that although LCFC Columbia employed fitness instructors, front desk employees, daycare providers, and custodial staff as independent contractors, they appeared to be performing some of the same duties as the employees. *Id.* at 3. Moving Defendants dispute that an integrated enterprise existed or that the independent contractors employed by LCFC Columbia should be considered employees for purposes of Title VII or ADEA. [Entry #35 at 3–4; Entry #32-2 at 3–5].

On a motion for summary judgment, the court cannot make credibility determinations or weigh the evidence and must draw all reasonable inferences in favor of the non-moving party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). Here, viewing the facts alleged in the light most favorable to Plaintiff as the court must, Plaintiff alleges a genuine dispute of material fact exists regarding whether the corporate defendants operated as integrated enterprise and whether LCFC Columbia

employed more than the requisite number of employees under Title VII and ADEA. Although Moving Defendants claim Plaintiff has failed to raise a genuine dispute regarding whether the corporate defendants were an integrated employer, the undersigned concludes Plaintiff has presented sufficient evidence of an integrated enterprise to warrant further investigation into this issue.  Furthermore, although Moving Defendants discount Plaintiff's affidavit as to the characterization of the LCFC Columbia's independent contractors, Plaintiff has not been given an opportunity to conduct discovery related to these matters.  Likewise, Plaintiff has not had a full opportunity to dispute the facts as presented in the affidavits submitted by Moving Defendants.  *See Temkin v. Frederick County Comm'rs*, 945 F.2d 716, 719 (4th Cir. 1991) ("Summary judgment may only be entered after 'adequate time for discovery.'").  Given the disputes of fact, the undersigned recommends Moving Defendants' motions be denied without prejudice with regard to Plaintiff's Title VII and ADEA claims.  *See Tasciyan v. Medical Numerics*, 820 F. Supp. 2d 664, 672 (D. Md. 2011) ("The integrated employer test necessitates a fact-intensive inquiry. Therefore, it is ordinarily inappropriate for courts to apply the integrated employer test at the motion to dismiss stage.") (internal citations omitted); *Jones v. Midlands Neurology & Pain Assocs., P.A.*, C/A No. 3:11-2623, 2012 WL 2913224, at *2 (D.S.C. July 17, 2012) (denying motion for summary judgment on Title VII claims based on plaintiff's affidavit regarding misclassification of independent contractors).

7

2.  Plaintiff's state-law claim

Because the undersigned recommends Moving Defendant's motions be denied with regard to Plaintiff's claims arising under the court's original jurisdiction,[5] there is no basis for the court to decline to exercise supplemental jurisdiction over Plaintiff's claim under the South Carolina Payment of Wages Act.

III.  Conclusion

For the foregoing reasons, the undersigned recommends that Moving Defendants' motions [Entry #25, #32], which have been construed as motions for summary judgment, be denied without prejudice. If the district judge accepts this recommendation, the undersigned will issue a scheduling order to govern the remainder of this case.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

March 29, 2013                                     Shiva V. Hodges
Columbia, South Carolina                    United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[5] None of the defendants has moved to dismiss Plaintiff's claim under 42 U.S.C. § 1981.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).