**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| Cynthia Bruce, ) | C/A No.: 3:12-cv-2678-JFA-SVH |
| )  Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Ladies Choice Fitness Center ) | |
| Columbia, Inc.; Ladies Choice Fitness ) | |
| Center Landmark, Inc.; and Ladies ) | |
| Choice Fitness Center MI, Inc., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

In this employment discrimination case, Plaintiff Cynthia Bruce alleges claims under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10, et seq.; and 42 U.S.C. § 1981.

This matter comes before the court on the motion to dismiss or, alternatively, motion for summary judgment filed by Defendant Ladies Choice Fitness Center Columbia, Inc. (LCFC Columbia) and former-Defendant John Holladay. ECF No. 25. Since filing that motion, Holladay has been dismissed from this case through a stipulation of dismissal. ECF No. 52. Also since filing that motion, counsel for LCFC Columbia has withdrawn, and, though given a deadline of May 20, 2013 to retain new counsel, LCFC Columbia has failed to do so. Also pending before this court is a motion to

1

dismiss or, alternatively, motion for summary judgment filed by Defendant Ladies Choice Fitness Center Landmark, Inc. (LCFC Landmark).  ECF No. 32.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation, opining that the motions of LCFC Columbia and LCFC Landmark should be denied.  The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

As of the date of this order, LCFC Columbia has failed to obtain new counsel, and both LCFC Columbia and LCFC Landmark have failed to object to the Magistrate Judge's Report.  The court has given both defendants ample time to do so.  In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After carefully reviewing the applicable laws, the record in this case, and the Report and Recommendation, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law.  The court therefore adopts the Magistrate Judge's recommendation that LCFC Columbia's motion to dismiss or, alternatively, motion for summary judgment be denied and further adopts the Magistrate Judge's recommendation that LCFC Landmark's motion to dismiss

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.  The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b)(1).

or, alternatively, motion for summary judgment be denied. Accordingly, the Magistrate Judge may enter a scheduling order to govern the remainder of this case.

    IT IS SO ORDERED.

July 1, 2013  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge