IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Cynthia Bruce, | ) | C/A No.: 3:12-2678-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Ladies Choice Fitness Center Columbia | ) | REPORT AND RECOMMENDATION |
| Inc.; Ladies Choice Fitness Center | ) | |
| Landmark Inc.; and Ladies Choice | ) | |
| Fitness Center MI Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on the failure of Ladies Choice Fitness Center

Columbia Inc. ("LCFC Columbia") and Ladies Choice Fitness Center Landmark Inc.

("LCFC Landmark") to retain counsel.[1] For the following reasons, the undersigned

recommends that LCFC Columbia and LCFC Landmark be held in default for failure to

defend and that the Clerk of Court be directed to docket an entry of default against them.

I.      Procedural Background

On October 11, 2012, and October 15, 2012, respectively, LCFC Landmark and

LCFC Columbia, filed pro se answers to the complaint. [Entry #5, #10]. The court

advised the defendants that corporations may only appear in federal court and litigate

through a licensed attorney who is formally admitted to practice and in good standing

---

[1] The undersigned also notes that Ladies Choice Fitness Center MI Inc. ("LCFC MI") has
failed to file an answer or otherwise plead in this case. However, because LCFC MI's
failure has not been shown by an affidavit showing service has been effected, as required
by Fed. R. Civ. R. 55(a), the Clerk has not yet entered an entry of default against LCFC
MI.

with this court. [Entry #13]. The undersigned ordered LCFC Columbia and LCFC Landmark to obtain counsel and file amended answers within 35 days and noted that if they failed to do so, it would be recommended that default be entered against them. *Id*.

Bryn Collette Sarvis, Esquire, filed a notice of appearance for LCFC Columbia on November 16, 2012 [Entry #22], and an amended answer on LCFC Columbia's behalf on November 19, 2012 [Entry #28]. On April 16, 2013, Ms. Sarvis filed a motion to withdraw as counsel. [Entry #47]. Ms. Sarvis represented that she had advised LCFC Columbia that it could not proceed in this matter without counsel admitted in the District of South Carolina. [Entry #49]. The undersigned granted Ms. Sarvis' motion to withdraw and advised LCFC Columbia that if it failed to retain counsel, the undersigned would recommend default be entered against it. [Entry #50]. LCFC Columbia has failed to obtain new counsel in this matter.

Michael J. Buhmeyer, Esquire, made an appearance for LCFC Landmark on November 13, 2012 [Entry #18], and after a consent extension, filed an amended answer on LCFC Landmark's behalf on December 10, 2013 [Entry #33]. Mr. Buhmeyer filed a motion to withdraw as counsel on September 11, 2013. [Entry #61]. Mr. Buhmeyer attached a termination agreement to his motion to withdraw signed by LCFC Landmark's President and CEO Darby Herbert. [Entry #61-1]. In the agreement, Mr. Herbert indicated that he had been informed that the corporation could not proceed pro se, but that LCFC Landmark did not plan to further defend the action. *Id*. The undersigned issued an order indicating an intention to grant the motion to withdraw, but allowing LCFC Landmark until October 14, 2013, to obtain new counsel. [Entry #62]. The

undersigned advised that absent an appearance of counsel, an entry of default would be entered against LCFC Landmark. *Id*. Despite the court's warning, LCFC Landmark has failed to obtain new counsel.

II.     Discussion

Both LCFC Columbia and LCFC Landmark have been warned that a failure to obtain new counsel may result in their being held in default. Both parties have nevertheless failed to obtain new counsel. Counsel for LCFC Columbia previously informed the court that it had no ongoing operations or assets. [Entry #49]. LCFC Landmark indicated that it did not intend to defend this action. [Entry #61-1].

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a); *see also Home Port Rentals, Inc. v. Ruben*, 957 F.2d 126, 133 (4th Cir. 1992) (finding that default under 55(a) was appropriate where a party had filed an answer but subsequently failed to defend). Upon the withdrawal of counsel, a corporate defendant's failure to obtain new counsel can be considered a failure to defend, such that the corporation may be held in default. *See, e.g., Ackra Direct Marketing Corp. v. Fingerhut Corp*., 86 F.3d 852, 857 (8th Cir. 1996) (noting that a corporate defendant was technically in default when their counsel withdrew); *Shapiro, Bernstein & Co. v. Continental Record Co.*, 386 F.2d 426, 427 (2d Cir. 1967) (finding that corporate defendant's failure to comply with court order to obtain counsel constituted a failure to defend under Fed. R. Civ. P. 55(a)). Here, LCFC Columbia and LCFC Landmark have failed to obtain counsel to represent them after

being warned that failure to do so would result in their being held in default. Therefore, it is recommended that the district judge find that LCFC Columbia and LCFC Landmark have failed to defend this action pursuant to Fed. R. Civ. P. 55(a) and direct the Clerk to enter an entry of default against them.

III.     Conclusion

For the foregoing reasons, it is recommended that the district judge find that LCFC Columbia and LCFC Landmark have failed to defend this action pursuant to Fed. R. Civ. P. 55(a) and direct the Clerk to enter an entry of default against them.

IT IS SO RECOMMENDED.

October 24, 2013                                    Shiva V. Hodges
Columbia, South Carolina                    United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).